### SCHWARTZMILLER v. WARD-MACKEY CO.

(Circuit Court of Appeals, Third Circuit. July 1, 1912.)

No. 1,512.

MASTER AND SERVANT (§ 239*)—INJURY AT COGWHEELS—CONTRIBUTORY NEG-LIGENCE.

Plaintiff was guilty of contributory negligence, barring recovery for injuries received through his hand being caught by cogwheels while he was attempting to oil a machine, where he undertook to perform his work while the machine was in motion, and by placing his hand near the revolving cogwheels; the danger being obvious.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 749, 750; Dec. Dig. § 239.*]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Action by A. E. Schwartzmiller against the Ward-Mackey Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Lawrence B. Cook, of Pittsburgh, Pa., for plaintiff in error.

William A. Jordan, of Pittsburgh, Pa. (William H. McClung and Thomas D. Chantler, on the brief), for defendant in error.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

J. B. McPHERSON, Circuit Judge. This action was brought to recover damages for a personal injury suffered by the plaintiff in the effort to oil a machine in the defendant's factory. At the trial the defendant asked for binding instructions, but this request was declined. Afterwards, however, and in accordance with the Pennsylvania act

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of 1905, the court entered judgment for the defendant notwithstanding the verdict, putting the decision upon the single ground that the undisputed facts established the plaintiff's contributory negligence. The only error assigned is the entry of this judgment, and the argument is that the evidence was conflicting, and therefore required submission to the jury.

Upon this point we have considered the stenographer's notes with attention, but have found no reason to disagree with the conclusion of the District Judge. We append his opinion, to which we can add nothing of value except our approval.

The judgment is affirmed.

The opinion of Young, District Judge, in the trial court is as follows:

This is a motion for judgment for defendant non obstante veredicto. Under the undisputed evidence, the plaintiff, a young man of 19 years of age, was employed to work about a bread-molding machine to see that the loaves were properly placed on the conveyor and by means of a wheel regulate the size of the loaf to be molded. At the time of the accident he had been working for the defendant about two years, and about the machine where the accident happened about four months. This machine had certain cogwheels, and adjacent thereto an oil cup for the purpose of oiling the machine. These were placed underneath the revolving drums and within the body of the machine, and no one could come in contact with them except by reaching into the machine. If the machinery was not in motion, this was accomplished by reaching down through the top of the machine; if the machinery was in motion, the only way to reach the cogwheels was by getting under the machine and reaching the hand up to them. In order to reach the oil cup, which was near the cogwheels, being a few inches above them, it was necessary to use one of the two methods; that is, either stop the machine and reach down through it, or to crawl under the machine and reach up past the cogwheels.

The plaintiff was injured while attempting to unscrew the oil cup while the machinery was in motion. He placed himself on his back under the machine, reached up past the cogwheels, and while in the act of unscrewing the oil cup, his fingers, being greased from contact with the oil cup, slipped and were caught in the cogwheels.

The danger of attempting to remove the oil cup while the machinery was in motion and in the manner in which the plaintiff attempted to do it was so obviously dangerous, on a simple statement of the undisputed facts, that plaintiff must be charged with contributory negligence. To a person of his years and experience with the machinery in question, and having his knowledge of the proximity of the oil cup to the cogwheels, the danger and risk of placing his hand in a machine among the moving cogwheels must have been apparent.

In deciding this case we do not pass upon the question whether or not the plaintiff was employed, as asserted by him and denied by the defendant, to oil the machinery. Whether or not he was so employed, his conduct was such as to make him guilty of contributory negligence.

As we have concluded that the plaintiff's own negligence contributed to the injury which he suffered, it is unnecessary to pass upon the question whether or not there rested upon the defendant, under section 11 of the Act of Assembly of Pennsylvania of May 2, 1905 (P. L. 355), the statutory duty of guarding the cogwheels where plaintiff was injured; they being placed within the body of the machine. Whether or not the duty of guarding the cogwheels rested upon the defendant by reason of that statute, the plaintiff was not relieved from the duty of care on his part.

It was said by Mr. Justice Brown in his case of Jones v. American Caramel Co., 225 Pa. 644 [74 Atl. 613]: "While the statute made it the duty of the defendant to properly guard the fan, it in no degree relieved the employé from the duty of care on his part. For the consequence of his contributory negligence the law remained the same as if the act of 1905 had not been passed."

This principle we believe to be sound, and to accurately mark the distinction between the defense of assumption of risk and that of contributory negligence. As was said by Judge Sanborn in St. Louis Cordage Co. v. Miller, 126 Fed. 495 [61 C. C. A. 477, 63 L. R. A. 551]: "Assumption of risk and contributory negligence are distinct and separate defenses. The former rests in contract, and the latter in tort." Choctaw, Oklahoma & Gulf R. R. Co. v. McDade, 191 U. S. 64 [24 Sup. Ct. 24, 48 L. Ed. 96].